UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ONEWEST BANK, FSB,<br><br>    Plaintiff,<br><br>  vs.<br><br>JUDITH MOHR, et al.,<br><br>    Defendants. | Case No: C 10-00639 SBA<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND CASE AND DENYING PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES AND COSTS**<br><br>[Docket No. 7] |

The parties are presently before the Court on Plaintiff's Motion to Remand Case and Request for Attorney's Fees and Costs ("Plaintiff's motion"). (Docket 7.) Defendants have not filed an opposition to Plaintiff's motion. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS Plaintiff's Motion to Remand Case and DENIES Plaintiff's Request for Attorney's Fees and Costs. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b).

I.   **FACTUAL BACKGROUND**

   A.   **The Underlying State Court Action**

Plaintiff commenced this residential Forcible Detainer Action in state court after a non-judicial foreclosure sale. The facts detailed herein are derived from Plaintiff's complaint in the state court action, attached as Exhibit 1 to Plaintiff's Request for Judicial Notice (RJN) in support of this motion. (Docket No. 8.)

In July 2006, Defendant Judith Mohr executed a deed of trust encumbering the real property known as 312 Glencourt Way, Pacifica, CA 94004 ("Property"). The deed of trust was recorded in the Official Records of San Mateo County on December 1, 2006. In July 2008, the trustee or successor trustee under the deed of trust conducted a trustee's sale of the

Property, and Plaintiff's predecessor in interest purchased the Property at the sale.  The sale was held pursuant to Section 2924 of the California Civil Code under a power of sale clause contained in the deed of trust.  Plaintiff asserts that title to the Property was perfected by recordation.  Plaintiff further asserts it is the lawful owner of the Property.

On September 30, 2008, Plaintiff filed an Unlawful Detainer action against Defendants in the San Mateo County Superior Court.  On January 6, 2009, judgment in the unlawful detainer action was entered in favor of Plaintiff and a writ of possession was enforced by the Sheriff on January 22, 2009.  On April 27, 2009, Defendants entered the Property without authorization and took possession of it.

Due to Defendants' unauthorized possession of the Property, on December 21, 2009, Plaintiff filed a complaint in Forcible Entry and Detainer against Defendants in the San Mateo County Superior Court (the "State Court Action").  (RJN, Ex. 1.)  Plaintiff seeks to recover possession of the Property.  According to Plaintiff, Defendants were personally served with the complaint in the State Court Action on December 27, 2009, and answered the complaint on January 19, 2010.

**B.     Defendants' Notice of Removal**

On February 16, 2010, Defendant Judith Mohr filed a Notice of Removal pertaining to the State Court Action in this Court.  (Docket No. 1.)  According to the Notice of Removal, Ms. Mohr filed the Notice with the "express consent" of the other Defendants.  (Id. at 1.) Defendants base their Notice of Removal on federal question jurisdiction, by asserting that this "is a claim brought under the Federal Fair Debt Collection Practices Act (FDCPA), Real Estate Settlement Procedures Act (RESPA), Truth in Lending Act (TILA), Generally Accepted Accounting Principals (*sic*) (GAAP), The Universal Commercial Code (UCC) … [t]hus the claims by Plaintiff may be maintained in any appropriate United States District Court 15 U.S.C. §1692k(d), and 42 U.S.C. §3631." (Id. at 1-2.)  Defendants further assert that "California Civil Code Section §2923.5, §2923.6, §2924, and §2932.5 et. seq., are being unconstitutionally applied to Defendant." (Id. at 2.)  Defendants make no assertion regarding diversity jurisdiction in the Notice of Removal.

## II. DISCUSSION

### A. Legal Standards

Federal courts have subject matter jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331; see also U.S. v. Alisal Water Corp., 431 F.3d 643, 650 (9th Cir. 2005). A defendant may remove to federal court any action over which the federal court would have had original subject matter jurisdiction. 28 U.S.C. § 1441. To effect removal, 28 U.S.C. § 1446 requires a defendant to file in the U.S. district court a notice of removal "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). The notice of removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based …." 28 U.S.C. § 1446(b).

#### 1. There Is No Federal Question Jurisdiction

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1183 (9th Cir. 2002). Moreover, the existence of a defense based upon federal law is insufficient to support jurisdiction. Id.

Plaintiff has only identified one cause of action in its complaint, namely, Forcible Detainer. (RJN, Ex. 1. at 3.) The elements of a Forcible Detainer action are set forth in California Code of Civil Procedure § 1160, which provides:

> Every person is guilty of a forcible detainer who either:
>
> 1. By force, or by menaces and threats of violence, unlawfully holds and keeps the possession of any real property, whether the same was acquired peaceably or otherwise; or,
>
> 2. Who, in the night-time, or during the absence of the occupant of any lands, unlawfully enters upon real property, and who, after demand made for the surrender thereof, for the period of five days, refuses to surrender the same to such former occupant. See Cal. C.C.P. § 1160.

As such, Plaintiff's complaint involves only state law issues based on the California Code of Civil Procedure. Plaintiff's complaint does not set forth a federal question or raise a federal claim. Defendants' notice of removal -- which asserts that Plaintiff's claim is brought under, among other things, the Federal Fair Debt Collection Practices Act (FDCPA) and Truth in Lending Act (TILA) -- is inaccurate and cannot support federal question jurisdiction, where such jurisdiction is unsupported by the face of Plaintiff's complaint. As a result, removal based on federal question jurisdiction was improper.

### 2. There Is No Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332, for diversity jurisdiction to apply, the matter in controversy must exceed the sum or value of $75,000, and defendant and plaintiff must not be residents of the same state. Defendants' notice of removal does not allege that the amount of controversy exceeds $75,000. Indeed, Plaintiff's complaint states that the case has less than $10,000 in controversy. (RJN, Ex. 1 at 3, 4.) Plaintiff asserts that this suit is for possession of the Property only and not for damages. Lastly, Defendants have made no allegation regarding the citizenship of Plaintiff and Defendants. Therefore, Defendants have not shown that removal is proper based on diversity jurisdiction.

### 3. Defendants' Notice of Removal Is Procedurally Improper

28 U.S.C. § 1446(b) requires that a notice of removal be filed within 30 days "after receipt by the defendant, through service or otherwise, of a copy of the initial pleading." Plaintiff asserts that Defendants were served in the State Action on December 27, 2009, and cites Exhibit 2 to the RJN, which Plaintiff identifies as the proof of service. However, that exhibit is not a proof of service and is rather a duplicate of Exhibit 3 to the RJN. In any event, if we accept Plaintiff's unopposed representation regarding the date of service, Defendants' filing of the removal notice was untimely because it was filed on February 16, 2010, which is 51 days after service. As such, Defendants' notice of removal is also procedurally improper.

### B. An Award of Attorney's Fees and Costs Is Not Appropriate in This Case

28 U.S.C. § 1447(c) provides that on granting a motion for remand, the "order remanding the case may require payment of just costs and any actual expenses, including

attorney fees, incurred as a result of the removal." The standard for awarding fees turns on the reasonableness of the removal. Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Id. Under this rule, "district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." Id.

Here, Plaintiff argues that attorney's fees and costs should be awarded because Defendants' notice of removal was untimely and without merit. Plaintiff further argues that Defendants filed the removal notice to cause Plaintiff to incur further litigation expenses, to cause unnecessary delay, and to otherwise impede Plaintiff's right to recover possession of real property it lawfully owns.

In this case, Defendants are all appearing *pro se*. To an attorney, it should be readily apparent that Defendants' notice of removal lacks an objectively reasonable basis for asserting federal question or diversity jurisdiction. It is also untimely. However, these are "unusual circumstances" in that Defendants are not represented by an attorney, and as a result, they filed the notice of removal without the benefit of legal counsel. Therefore, a fee award is not appropriate in this case.

### III. CONCLUSION

For the reasons stated herein,

IT IS HEREBY ORDERED THAT Plaintiff's Motion to Remand Case is GRANTED and Plaintiff's Request for Attorney's Fees and Costs is DENIED.

IT IS HEREBY FURTHER ORDERED THAT the hearing on Plaintiff's motion scheduled for July 14, 2010 at 2:00 p.m. is VACATED. This Order terminates Docket No. 7.

IT IS SO ORDERED.

Dated: July 6, 2010

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ONEWEST BANK, FSB,

       Plaintiff,

  v.

JUDITH MOHR et al,

       Defendant.
                                       /

Case Number: CV10-00639 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 7, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Elizabeth Bernardi
312 Glencourt Way
Pacifica, CA 94044

Greg Lester
312 Glencourt Way
Pacifica, CA 94044

Judith E. Mohr
312 Glencourt Way
Pacifica, CA 94044

Katherine Bernardi
312 Glencourt Way
Pacifica, CA 94044

Dated: July 7, 2010
                                      Richard W. Wieking, Clerk

                                      By: LISA R CLARK, Deputy Clerk